CORNELIUS McLAUREN et al. *v.* A. D. GRAHAM, Adm'r, &c.

The rule is, that a party to an illegal contract shall not be heard to enforce it in a court of justice, however changed its form; but this rule does not apply to a *bonâ fide* holder of the illegal security, who has in good faith taken another security to himself founded upon it, and which he is seeking to enforce.

*Coulter and Richards* v. *Robertson,* 14 S. & M. 18, cited and explained by the court, and declared not applicable to this case.

In error from the circuit court of Covington county; Hon. John Watts, judge.

The facts of the case are sufficiently set forth in the opinion of the court.

*J. F. Foute,* for appellants,

Contended that the proof offered by the defendants below, which was rejected by the court, went to the consideration of the note sued on, and was properly admissible under the general issue. *Morrel* v. *Legrand,* 1 How. 150; *Renfrow* v. *Shaw,* 4 How. 651; *Walker* v. *Bank of Wash.* 3 How. (U. S. R.) 62; 2 Greenl. Ev. § 135, &c.

Usury is a good defence, and may be given in evidence under the plea of the general issue.   2 Greenl. Ev. § 135, &c.

*Freeman* and *Dixon*, for appellee,

In reply, contended that this case could only have been brought here for delay, and the judgment ought to be affirmed.

Mr. Justice HANDY delivered the opinion of the court.

This was an action of assumpsit in the circuit court of Covington county, founded on a promissory note made by the plaintiffs in error, to the intestate of the defendant in error. The controlling question in the case is, whether or not the note was usurious under the state of facts appearing in evidence.

On the trial below, the defendants offered to prove the following facts: that many years ago, Warren and Rankin borrowed from one Foxworth, $4,000 in Louisiana bank notes, at that time at a discount of ten or fifteen per cent.; that Foxworth afterwards transferred and delivered to his son-in-law Alexander Graham, the intestate, the note executed to him by Warren and Rankin; that Cornelius McLauren, the plaintiff in error, afterwards purchased slaves from Warren and Rankin, to the amount of the note sued on, and by mutual agreement, executed the note sued on to Alexander Graham, the amount of which was to be entered as a credit on the note of Warren and Rankin, held by Graham.   This testimony was objected to by the plaintiff below, and the objection sustained.   The judgment was for the plaintiff below for the balance due on the note, but without interest, from which judgment the case is brought to this court by the defendants below.

The question here presented is materially different from that in *Coulter and Richards* v. *Robertson*, 14 S. & M. 18.   There the note of Collins, which was founded upon a valid consideration received by Collins, was given to the bank as a substitute for the usurious note of Porter held by the bank, and in which usury the bank was implicated.   The same party (or her legal representative) which had committed the usury in Porter's note, received the note of Collins as a substitute for and in discharge of it, and was seeking to enforce it by law.   And the principle

34 *

of that case is, that a party to an illegal transaction will not be permitted to reap the fruits of his illegal contract by calling upon a court of justice to enforce it after it has been changed into another form.

But here the case is very different. After the original note of Warren & Rankin had been made to Foxworth, and was transferred to Graham, who, for all that appears, became a *bonâ fide* holder, McLauren and others executed the note sued on, for a valid consideration, in discharge of so much of the original note. There is no pretence that McLauren did not receive full value for the note; and it was made to a party who is not implicated in the original illegal contract, and must be regarded as an innocent holder. The rule is, that a party to an illegal contract shall not be heard to enforce it in a court of justice, however changed its form; but it does not apply to a *bonâ fide* holder of the illegal security, who has in good faith taken another security to himself founded upon it, and which he is seeking to enforce. *Cuthbert* v. *Haley*, 8 T. R. 390; Comyn on Usury, 186; *Bridge* v. *Hubbard*, 15 Mass. 96.

The other questions raised in the case in behalf of the plaintiff in error depend on this, and the judgment is affirmed.